*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

# In the Supreme Court of the State of Alaska

| | |
|---|---|
| KEVIN MEYER, LIEUTENANT GOVERNOR OF THE STATE OF ALASKA, and STATE OF ALASKA, DIVISION OF ELECTIONS, | ) ) ) ) Supreme Court No. S-16862 |
| | ) |
| | ) Superior Court No. 3AN-17-09183 CI |
| | ) |
| Appellants, | ) **ORDER** |
| | ) |
| v. | ) Order No. 108 – October 11, 2019 |
| | ) |
| STAND FOR SALMON, | ) |
| | ) |
| Appellee. | ) |
| | ) |

Before:     Stowers, Chief Justice, Winfree, Maassen, Bolger, and Carney, Justices.

Winfree, Justice, concurring.

In August 2018 we issued our opinion in *Mallott v. Stand for Salmon*, which addressed the Lieutenant Governor's decision not to certify Stand for Salmon's ballot initiative.[1]  The Lieutenant Governor reasoned that portions of the initiative violated the Alaska Constitution, and we ultimately agreed as to one portion.  However, we held that two other portions were constitutional, and we agreed with Stand for Salmon that the unconstitutional portion could be severed.

We issued an order directing each party to bear its own costs and attorney's

---

[1]     431 P.3d 159, 160-61 (Alaska 2018).

fees incurred in the appeal before us.[2]  Stand for Salmon moved for reconsideration, arguing that it was a constitutional claimant that prevailed on the main issue and therefore was entitled to attorney's fees.  The Lieutenant Governor opposed the motion for reconsideration, arguing that Stand for Salmon did not prevail on the main issue.

We granted Stand for Salmon's motion for reconsideration, and we asked the parties to file supplemental briefs addressing the application of AS 09.60.010 to this case.[3]  The statute provides in pertinent part:

> (c) In a civil action or appeal concerning the establishment, protection, or enforcement of a right under . . . the Constitution of the State of Alaska, the court
>
>> (1) shall award, subject to (d) . . . of this section, full reasonable attorney fees and costs to a claimant, who . . . has prevailed in asserting the right;
>>
>> (2) may not order a claimant to pay the attorney fees of the opposing party devoted to claims concerning constitutional rights if the claimant . . . did not prevail in asserting the right, the action or appeal asserting the right was not frivolous, and the claimant did not have sufficient economic incentive to bring the action or appeal regardless of the constitutional claims involved.
>
> (d) In calculating an award of attorney fees and costs under (c)(1) of this section,
>
>> (1) the court shall include in the award only that portion of the services of claimant's attorney fees and associated costs that were devoted to claims concerning rights under . . . the Constitution of the State of Alaska upon which the claimant ultimately

---

[2]     *Mallott v. Stand for Salmon*, No. S-16862 (Alaska Supreme Court Order, Aug. 8, 2018).

[3]     *Mallott v. Stand for Salmon*, No. S-16862 (Alaska Supreme Court Order, Dec. 27, 2018).

prevailed . . . .

The parties filed supplemental briefs, but they merely reiterated their earlier arguments.

We identify four issues in this case. First, the Lieutenant Governor argued that the initiative's definition of "substantial damage" was unconstitutional. The Lieutenant Governor prevailed on this issue.[4] Second, the Lieutenant Governor argued that the initiative's "habitat protection standards" were unconstitutional. Stand for Salmon prevailed on this issue.[5] The Lieutenant Governor argued that two provisions of the initiative's framework for mitigation standards were unconstitutional. Stand for Salmon prevailed on this issue.[6] Finally, the Lieutenant Governor argued that the offending provisions could not be severed. Stand for Salmon prevailed on this issue.[7] Each of the four issues in this case was constitutional, and Stand for Salmon prevailed on three of them.

Alaska Statute 09.60.010 permits a constitutional claimant to recover "full reasonable attorney fees,"[8] but only for "that portion of the services" devoted to constitutional issues on which the claimant prevailed.[9] In *Manning v. State, Department of Fish and Game* we held that an award of attorney's fees cannot simply rely on

---

[4]    *Stand for Salmon*, 431 P.3d at 166-67.

[5]    *Id.* at 171-72.

[6]    *Id.*

[7]    *Id.* at 173-77.

[8]    AS 09.60.010(c).

[9]    AS 09.60.010(d).

proration between constitutional and non-constitutional claims.[10]

We agree with Stand for Salmon that it is entitled to full reasonable attorney's fees incurred in furtherance of issues on which it prevailed. In other words, Stand for Salmon is entitled to recover attorney's fees devoted in any reasonably connected way to the constitutional claims on which it prevailed. But Stand for Salmon is not entitled to recover any attorney's fees devoted solely to the constitutional claims on which it did not prevail.

By **October 23, 2019** Stand for Salmon shall file a memorandum not to exceed 10 pages in support of its reasonable attorney's fees incurred in the appeal before us. It shall link those fees, to the extent possible, to the four issues we enumerate above, relying on timesheets and affidavits of counsel as necessary. We will award full reasonable attorney's fees related to the three issues on which Stand for Salmon prevailed, and we will provide no fee award (to either party) on the issue of "substantial damage"[11] because Stand for Salmon is a non-prevailing constitutional claimant whose claim was not frivolous; therefore it is shielded from an award of fees against it pursuant to AS 09.60.010(c)(2).

If the Lieutenant Governor disagrees with Stand for Salmon's characterization of its attorney's fees, he may explain his objections in a brief not to exceed 10 pages and filed by **November 5, 2019**. We may appoint a special master to resolve any factual disputes.

---

[10]     355 P.3d 530, 540 (Alaska 2015) ("Simply awarding a pro rata share of attorney's fees based on the ratio of non-constitutional to constitutional claims 'would be to risk requiring a plaintiff to pay defendants' attorney[']s fees incurred in defeating his [constitutional] claims.'" (quoting *Harris v. Maricopa Cty. Superior Court*, 631 F.3d 963, 972 (9th Cir. 2011))).

[11]     *See Stand for Salmon*, 431 P.3d at 166-67.

Entered at the direction of the court.

Clerk of the Appellate Courts

/s/

_____

Meredith Montgomery

**ORD 108**

WINFREE, Justice, concurring.

I agree with the court that Stand for Salmon is entitled to an award of full reasonable attorney's fees incurred for services devoted to the constitutional claims on which it prevailed. And I have no particular quarrel with the court's analysis of the constitutional claims at issue or with the prevailing party decision on each constitutional claim. I write separately only to explain the specific legal basis for my agreement.

Alaska Statutes 09.60.010(c)(1) and (d)(1) make clear that an otherwise eligible prevailing constitutional litigant may recover full reasonable attorney's fees "only" for services "devoted to" the constitutional claims on which the litigant prevailed.[1] Conversely, under AS 09.60.010(c)(2) an otherwise eligible constitutional

---

[1]    Alaska Statute 09.60.010 provides in relevant part:

(c) In a civil action or appeal concerning the establishment, protection, or enforcement of a right under the . . . Constitution of the State of Alaska, the court

(1) shall award, subject to (d) and (e) of this section, full reasonable attorney fees and costs to a claimant, who, as plaintiff, counterclaimant, cross claimant, or third-party plaintiff in the action or on appeal, has prevailed in asserting the right;

(2) may not order a claimant to pay the attorney fees of the opposing party devoted to claims concerning constitutional rights if the claimant as plaintiff, counterclaimant, cross claimant, or third-party plaintiff in the action or appeal did not prevail in asserting the right, the action or appeal asserting the right was not frivolous, and the claimant did not have sufficient economic incentive to bring the action or appeal regardless of the constitutional claims involved.

(d) In calculating an award of attorney fees and costs under

(continued...)

-6-                                                        **ORD 108**

litigant is protected from an adverse attorney's fees award for services "devoted to" the constitutional claims on which the litigant did not prevail.[2] As we previously have discussed, the statute's legislative purpose was creating something similar to our earlier public interest litigation framework, though limited to constitutional litigation.[3]

We have addressed allocation issues in two published opinions. In *Lake & Peninsula Borough Assembly v. Oberlatz* we reversed a trial court's attorney's fees

---

[1]    (...continued)
(c)(1) of this section,

> (1) the court shall include in the award only that portion of the services of claimant's attorney fees and associated costs that were devoted to claims concerning rights under the . . . Constitution of the State of Alaska upon which the claimant ultimately prevailed . . . .

> (e) The court, in its discretion, may abate, in full or in part, an award of attorney fees and costs otherwise payable under (c) and (d) of this section if the court finds, based upon sworn affidavits or testimony, that the full imposition of the award would inflict a substantial and undue hardship upon the party ordered to pay the fees and costs or, if the party is a public entity, upon the taxpaying constituents of the public entity.

This matter does not raise questions related to frivolousness or sufficient economic incentive to bring claims notwithstanding their constitutional nature.

[2]    *See supra* note 1.

[3]    *Alaska Conservation Found. v. Pebble Ltd. P'ship*, 350 P.3d 273, 280 (Alaska 2015) ("[T]he Alaska Legislature abrogated and replaced our public interest litigation exception to Rule 82 with a new statutory provision that encourages and protects parties bringing constitutional claims. The new law requires courts to award full reasonable attorney's fees to a successful constitutional claimant . . . ." (footnote omitted)).

awards that were based on Alaska Civil Rule 82 rather than AS 09.60.010(c) and (d).[4] We first concluded that some of the claims the partially prevailing plaintiffs raised, against both non-prevailing and prevailing defendants, were constitutional claims rather than non-constitutional claims.[5]  We then concluded that, if otherwise eligible, the plaintiffs would be entitled to an affirmative attorney's fees award devoted to the constitutional claims on which they prevailed, under AS 09.60.010(c)(1), and would be entitled to protection against an attorney's fees award devoted to the constitutional claims on which they did not prevail, under AS 09.60.010(c)(2).[6]  As to the former, we said that the plaintiffs would not be entitled to a statutory attorney's fees award "for work done *solely* on" non-constitutional claims.[7]  As to the latter, we stated that the plaintiffs would not be statutorily protected from an award of attorney's fees devoted to work "that would not have been necessary but for a non-constitutional claim; AS 09.60.010(c)(2) applies to work in which a constitutional claim is implicated in any way."[8]  We emphasized that the statute applies to claims, which must be analyzed separately, and that a court may not "simply characterize all the claims as primarily constitutional or primarily non-constitutional."[9]

In *Manning v. State, Department of Fish & Game* we addressed allocation problems arising from litigation involving both constitutional and non-constitutional

---

[4]     329 P.3d 214, 226-28 (Alaska 2014).

[5]     *Id.* at 226-27.

[6]     *Id.*

[7]     *Id.* at 227 n.38 (emphasis added).

[8]     *Id.* at 228.

[9]     *Id.* at 226 n.30, 227.

claims.[10] After the State prevailed in defending a variety of constitutional and non-constitutional claims, it sought an attorney's fees award under Rule 82 for prevailing on the non-constitutional claims.[11] The trial court counted the number of constitutional and non-constitutional claims, prorated the State's attorney's fees accordingly, and then applied Rule 82(b) to the attorney's fees allocated to non-constitutional claims.[12] Relying on *Oberlatz*, we reversed the trial court's attorney's fees award to the State.[13]

We first discussed the issue of attorney's fees devoted to procedural issues.[14] We concluded that work on general procedural issues "cannot be disconnected from Manning's constitutional claims" and that unless the State could "provide sufficiently detailed documentation segregating the time spent on specific procedural work by claim type, the court must assume that all billed time for procedural work was connected to Manning's constitutional claims."[15] We then expressly rejected using proration to allocate attorney's fees between constitutional and non-constitutional claims.[16] We stated that although our holding was not that a court never can award partial fees for work when the type of claim cannot be clearly identified, in this context

---

[10]     355 P.3d 530, 538-40 (Alaska 2015).

[11]     *Id.* at 534.

[12]     *Id.* at 538 ("The superior court awarded the Department and Ahtna attorney's fees under Alaska Civil Rule 82 for defending 15 of the 30 counts in the complaint, reasoning that Manning was immune under AS 09.60.010(c)(2) from paying fees related to the 15 counts the court believed concerned constitutional claims.").

[13]     *Id.* at 538-40.

[14]     *Id.* at 540.

[15]     *Id.* at 540.

[16]     *Id.*

the court "must ensure that fees are not awarded for work involving constitutional claims."[17] Finally, we noted that the evidentiary burden was on the defendant to establish the right to a fee award for non-constitutional claims and that absent a need to defend against the non-constitutional rather than the constitutional claims, fees associated with constitutional claim work cannot be awarded, even in part.[18]

Oberlatz and Manning provide the correct legal framework for deciding Stand for Salmon's attorney's fees motion. Contrary to Stand for Salmon's assertions, this legal framework does not look to who prevailed on the main constitutional issue to identify the overall prevailing constitutional claimant entitled to an award of statutory attorney's fees or protection against such an award. Stand for Salmon is entitled to recover attorney's fees devoted in any reasonably connected way to the constitutional claims on which it prevailed. But Stand for Salmon is not entitled to recover any attorney's fees devoted solely to the constitutional claims on which it did not prevail. It is that simple.

---

[17]    Id.

[18]    Id. Concluding this discussion, we suggested that the evidentiary burden on a prevailing constitutional litigant might not be the same, although we cited Oberlatz's statement that a prevailing constitutional claimant is not entitled to statutory fees for work done solely on non-constitutional claims. Id. at 540 n.59.

After the superior court revised the attorney's fees award against Manning on remand, Manning again appealed. In an unpublished decision we affirmed the superior court's use of specific contested attorney's fees by the State to calculate its award because it was clear they related solely to a non-constitutional claim. Manning v. State, No. S-16461, 2018 WL 3934807, at *3 (Aug. 15, 2018). But we concluded that it was error to award the State fees for other billing items "not obviously related to a non-constitutional claim." Id. at *4 ("It is not self-evident that either of these items [was] necessary only because of non-constitutional claims.").

The statutory framework's purpose is encouraging and protecting eligible constitutional claimants.  Prevailing claimants should be entitled to statutory attorney's fees for any work devoted, in any reasonably connected way, to constitutional claims on which they prevailed.  But partially prevailing claimants should not be entitled to recover statutory attorney's fees for work devoted solely to constitutional claims on which they did not prevail or for any work devoted solely to non-constitutional claims.  On the other hand, prevailing defendants should be entitled to appropriate awards of non-statutory attorney's fees against claimants for any work devoted solely to non-constitutional claims.  But prevailing defendants should not be entitled to an award of non-statutory fees against claimants for any work devoted in any reasonably connected way to claimants' constitutional claims.  Constitutional litigants have been aware of this legal framework since at least our *Manning* decision; the need to segregate fees should come as no surprise.

For these reasons, I agree with today's order.

cc:    Supreme Court Justices
       Judge Mark Rindner
       Judge Josie Garton
       Trial Court Clerk
       Publishers

Distribution:

Valerie Brown
Katherine Strong
Brook Brisson
Brian Litmans
Trustees For Alaska
1026 W. Fourth Avenue, Suite 201
Anchorage, AK 99501

Joanne M Grace
Katherine Demarest
Assistant Attorney General
Department of Law
1031 W. Fourth Avenue, Suite 200
Anchorage, AK 99501

Elizabeth Bakalar
Assistant Attorney General
P O Box 2450
Palmer, AK 99645

Geoffrey Y Parker
Law Office Of Geoffrey Parker
7431 Huckleberry Circle
Anchorage, AK 99502

James E Torgerson
Tina Grovier
Ryan Steen
Stoel Rives LLP
510 L St Ste 500
Anchorage, AK 99501

Eric Fjelstad
James N Leik
Elena Romerdahl
Perkins Coie LLP
1029 W 3rd Ave Ste 300
Anchorage, AK 99501

Matthew Singer
Lee Baxter
Holland & Knight
420 L Street, Ste. 400
Anchorage, AK 99501